## In re Grace Church and the Incarnation

*George B. Hawkes*, for petitioner.

The facts are set forth in the following interlocutory decree entered by McDevitt, P. J.

### Interlocutory decree

And now, August 28, 1942, upon consideration of the articles of merger it appears that the twelfth proposed amendment to the charter of the surviving corporation, The Rector, Church Wardens and Vestrymen of the Church of The Incarnation, is as follows:

"12. Strike out the present ninth article which reads as follows:

" 'Ninth: In case of the dissolution of the said corporation, all the property of the same shall vest in trustees in trust to hold and convey the same to and for any future congregation of members of the Protestant Episcopal Church, which may be formed in the same neighborhood, and to and for no other purpose; and the said trustees shall consist of such persons as may be appointed by the proper court, on the application of any interested party.' and insert in its place a new article as follows:

" 'Eleventh: In case of the dissolution of the corporation, all its property shall vest in The Church Foundation in trust to hold the same, and by and with the consent and approval of the Bishop of the Protestant Episcopal Church in the Diocese of Pennsylvania and of the standing committee of said Diocese elected and existing at such time according to the Constitution and Canons of said Church, to convey the said property or to continue to hold the same in trust for some existing or future congregation of members of the said Church in the said Diocese, or, by and with like consent and approval, to sell said property at public or private sale, and grant and convey the same to the purchaser, without liability on the part of the purchaser to see to the application of the purchase money, and to hold or dispose of the proceeds thereof or the income derived from the investment of such proceeds for such uses and purposes as may be determined by said Church Foundation acting by and with the consent and approval of the said Bishop and standing committee. And if at the same time action is to be taken, there should be a vacancy in the office of Bishop in said Diocese, then the consent and approval of the said standing committee alone shall be sufficient to authorize such action.' "

488

The corporation of the Church of the Incarnation was created in 1856 and under the terms of its charter all its property acquired in the 86 years of its existence has been acquired under the express trust set forth in the ninth article that in case of the dissolution of the corporation all its property shall vest in trustees to be appointed by the proper court, "in trust to hold and convey the same to and for any future congregation of members of the Protestant Episcopal Church which may be formed in the same neighborhood, and *to and for no other purpose*".

The proposed amendment provides that in case of a dissolution the property shall vest in The Church Foundation as trustee, and gives to this corporation, with the consent and approval of the bishop and standing committee of the diocese, power to sell the property and "to hold and dispose of the proceeds thereof or the income derived from the investment of such proceeds for *such uses and purposes as may be determined by said Church Foundation*, acting by and with the consent and approval of the said bishop and standing committee."

When trust funds can no longer be applied for the purposes for which they were given and it is sought to divert them to other purposes under the cy pres doctrine, the decision to permit such to be done should be made by a court of equity having jurisdiction, after giving all parties interested an opportunity to object.

The proposed amendment of the ninth article, except the change of its number to eleventh, is undoubtedly illegal and is disapproved. Leave is granted to the applicants to substitute a new petition or articles of merger, omitting the twelfth amendment except the change of the number of the article.